```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X

FARID POPAL,

                 Plaintiff,                    MEMORANDUM & ORDER

                                               23-CV-2933(KAM)(PK)

     -against-



QUEENS COUNTY DISTRICT ATTORNEY'S
OFFICE and THE DISTRICT ATTORNEY, in
his official capacity,

                 Defendants.

---------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Plaintiff Farid Popal, *pro se*, currently incarcerated at Wallkill Correctional Facility, brought this action against the Queens County District Attorney's Office and the District Attorney pursuant to 42 U.S.C. § 1983. Plaintiff filed a First and a Second Amended Complaint without leave of court on July 17, 2023, and February 23, 2024, respectively. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the Second Amended Complaint is dismissed.

## BACKGROUND

On April 4, 2006, following a jury trial, Plaintiff was convicted of one count of second-degree murder, two counts of

1

tampering with physical evidence, and one count of conspiracy in the fifth degree. *Popal v. Superintendent, Wende Corr. Facility*, No. 15-CV-1167 (JG), 2015 WL 5316301, at *1 (E.D.N.Y. Sept. 11, 2015)[1]. Plaintiff was found guilty of the November 12, 1999, murder of Samiya Haqiqi ("Haqiqi"). *Id.* On May 9, 2006, Popal was sentenced to an indeterminate prison term of twenty-five years to life on the murder count, one and one-third to four years on each tampering count, and one year on the conspiracy count. *Id.* The latter three sentences were imposed concurrently with each other but consecutive to the sentence on the murder count. *Id.* Plaintiff is currently incarcerated pursuant to this conviction. (ECF No. 13, Second Amended Complaint ("SAC"), at ¶3.)

Plaintiff brought this action on April 17, 2023, in connection with the above-referenced 2006 conviction, alleging violations of his constitutional rights under the 5th, 6th, 8th, and 14th Amendments by the Queens County District Attorney's Office. (ECF No. 1, Complaint.) Plaintiff subsequently filed an Amended Complaint[2]

---

[1] Plaintiff directs the Court to "his record in both the federal and State Court" including Judge Gleeson's decision denying habeas corpus relief under 28 U.S.C. § 2254 in *Popal v. Superintendent, Wende Corr. Facility*, for the "full and detailed explanation of each issue" in his case. (SAC at ¶8.) The Court references Judge Gleeson's decision for background information on the circumstances surrounding Plaintiff's underlying conviction.

[2] The original Complaint included voluminous exhibits, labeled A-K, while the Amended Complaint included the same Exhibits D, G, H, and I, and also included exhibits labeled M-R. The Second Amended Complaint included Exhibits D, G, H, I, M, N, O, P, Q, R, 1, and 2, and plaintiff requested that the Court consider the additional Exhibits attached to the original complaint. (ECF No. 13, SAC, at ¶9.) Although an amended complaint completely replaces prior pleadings, the Court has reviewed and considered the exhibits included in all of the pleadings.

that was received by the Court on July 17, 2023. (*See generally* ECF No. 7, First Amended Complaint ("FAC").) Plaintiff filed a further "addendum" on February 5, 2024, alleging additional constitutional violations along with arguments that his rights were violated based on his counsel's constitutionally ineffective performance. (ECF No. 12, Addendum.) On February 23, 2024, Plaintiff filed a Second Amended Complaint. (*See generally* SAC.)

Plaintiff has previously launched multiple challenges to his conviction, including direct appeal and post-conviction motions in state court, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, and a prior civil action in this Court. *See People v. Popal*, 879 N.Y.S.2d 185 (2d Dep't 2009) (appeal dismissed), *leave to appeal denied,* 914 N.E.2d 1020 (N.Y. 2009), *cert. denied, Popal v. New York*, 559 U.S. 909 (2010), *rehearing denied*, 559 U.S. 1046 (2010); *People v. Popal*, 986 N.Y.S.2d 341 (2d Dep't 2014) (appeal of denial of post-conviction relief pursuant to C.P.L. § 440.30), *leave to appeal denied,* 18 N.E.3d 1146 (N.Y. 2014); *People v. Popal*, Ind. No. 2186/02 (subsequent § 440.10 and § 660.10 motions denied); *Popal v. Superintendent, Wende Corr. Facility,* No. 15-CV-1167 (JG), 2015 WL 5316301 (E.D.N.Y. Sept. 11, 2015) (habeas petition dismissed); *Popal v. Brown*, No. 19-CV-832 (KAM), 2019 WL 11624209, at *6 (E.D.N.Y. June 13, 2019) (dismissing Plaintiff's civil rights claims related to a post-conviction proceeding), *appeal dismissed*,

3

No. 19-1869, 2020 WL 8184866 (2d Cir. Jan. 15, 2020), *cert. denied*, 140 S. Ct. 2793 (Mem) (2020).

The instant SAC renews Plaintiff's claim that the prosecution by the Queens County District Attorney's Office violated his constitutional rights and seeks declaratory and injunctive relief. Plaintiff claims that a "News Article" published in the Hartford Courant on November 19, 1999, six days after Haqiqi's disappearance, constitutes newly-discovered evidence, namely that two individuals made statements about a necklace found in Haqiqi's car. (SAC at ¶¶10-15; Exhibit H to SAC (ECF p. 53).) Plaintiff asserts that these statements were exculpatory, because they contradicted testimony that was presented at trial, and that they should have been provided as part of the *Brady* material. (SAC at ¶¶13-14, 38, 40, 62-67.) Plaintiff states that his family learned about the Hartford Courant piece in or around November 2020. (SAC at ¶19.) Thereafter, Plaintiff represents that he asked a private investigator to investigate that information, but that the relationship broke down and Plaintiff sued the investigator in state court. (SAC at ¶¶21-22.)

Plaintiff also challenges other evidence that was presented against him at trial as "worse than guess work and conjecture." (SAC at ¶84.) He challenges the credibility of two witnesses who testified about the actions of Popal and his brother around the time of Haqiqi's disappearance. (SAC at ¶¶86-94.) He reiterates

4

claims he made in the past about alleged misconduct of the trial prosecutor, before, during, and after the trial.  (SAC at ¶¶95-114.)

Plaintiff's Second Amended Complaint asserts additional claims about (1) the prosecutor's conduct – conduct that Plaintiff now claims prevented him from arguing that two other individuals could have had a motive for the murder and that Plaintiff did not have a motive (SAC at ¶¶67-82); and (2) the alleged ineffectiveness of his trial counsel (SAC at ¶83.)

In his Prayer for Relief, Plaintiff asks for declaratory relief regarding violations of his 5th, 6th, 8th, and 14th Amendment rights, as well as "[a]ny additional relief this Court deems just, proper, and equitable."  (SAC at ¶¶115-17.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se*

complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Notwithstanding the above, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the reviewing court is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

## DISCUSSION

Plaintiff's claims are barred by the favorable termination rule set forth in *Heck v. Humphrey,* 512 U.S. 477 (1994) and its progeny, which mandate that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the

6

prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Where a prisoner seeks to challenge his conviction or custody as violating his civil rights, he *must* rely on habeas corpus and not on a civil rights action pursuant to 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) ("[H]abeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."). In this case, Plaintiff is directly challenging his confinement pursuant to his conviction, a conviction that has not previously been invalidated, as discussed *supra*. Accordingly, the favorable termination rule bars his claims.

Plaintiff has already sought *habeas* relief. To the extent that he believes he has newly discovered evidence that would meet the standard for bringing a second or successive habeas corpus application pursuant to 28 U.S.C. § 2244(b)(2)(B), he must move in the Second Circuit for authorization to file a successive application, pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (The Antiterrorism and Effective Death Penalty Act of 1996 "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive

7

habeas motions or applications," citing 28 U.S.C. § 2244(b)(3)(A).). The Court further notes that Plaintiff's claims of ineffective assistance of counsel made in his addendum and the SAC would be appropriately raised in a habeas petition, as opposed to the instant complaint alleging violations of his Constitutional rights by the Queens County District Attorney's Office. Whether such claims would meet the standard for a second or successive habeas petition is a decision reserved to the Second Circuit. *See Torres*, 316 F.3d at 151.

Finally, the Court notes that even if Plaintiff's claims were not barred by the favorable termination rule, the Court would likely be required to dismiss his claims against the Queens County District Attorney's Office and the District Attorney. Prosecutors are immune from civil suits for damages for acts committed within the scope of their prosecutorial duties where the challenged activities are not investigative in nature but are instead "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)); *Tigano v. U.S.*, 527 F. Supp. 3d 232, 243 (E.D.N.Y. 2021). Here,

Plaintiff's claims against the Queens County District Attorney's Office and the District Attorney are based on their actions within the scope of their prosecutorial duties and associated with the conduct of the criminal proceeding they prosecuted against Plaintiff.  Thus, even if Plaintiff's claims were not barred by the favorable termination rule, he would fail to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is granted solely for purposes of this Order. For the foregoing reasons, all of his claims are dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). The dismissal is without prejudice to Plaintiff seeking authorization in the United States Court of Appeals for the Second Circuit for permission to file a successive habeas petition pursuant to 28 U.S.C. § 2244(b).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, and to mail a copy of this Order and the judgment to Plaintiff and note service on the docket by February 28, 2024.

**SO ORDERED**

Dated:   February 27, 2024
         Brooklyn, New York

**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

10